<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JIMMIE WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 07-2790 (GEB) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY | : | |
| | : | |
| Defendant. | : | |

**<u>BROWN, Chief District Judge</u>**

This matter comes before the Court upon the motion of Plaintiff Jimmie Williams (hereinafter "Plaintiff") for attorney fees pursuant to 42 U.S.C. § 2412(d). [Docket # 12] The Government does not oppose an attorney fee award, but argues that the fees claimed by Plaintiff are not reasonable, and that any fees should be awarded to Plaintiff, not his attorney. [Docket # 14] The Court has reviewed the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court will award reasonable attorney fees to Plaintiff's counsel.

**I.      BACKGROUND**

Plaintiff filed the complaint in this Social Security appeal on June 15, 2007. [Docket #1] After the Government filed its answer on August 27, 2007, this case lay dormant for nearly 10 months. [Docket # 5] Therefore, in early June, 2008, the Court instructed the parties to arrange a telephonic status conference on June 17, 2008. Prior to that status conference, on June 11, 2008, Plaintiff filed his statement of primary arguments for relief pursuant to Local Civil Rule

9.1(a)(2) (hereinafter the "9.1 Letter"). [Docket #7]  During the teleconference on June 17, 2008, Plaintiff's counsel informed the Court that Plaintiff's brief could be filed immediately.  (T/C 6/17/08)  The Court therefore provided that this brief should be filed, and granted the Government 30 days to either file an opposition brief, or consent to remand of this case.  (*Id.*)  On July 14, 2008, the parties notified the Court that they consented to a reversal of the Commissioner's decision and remand for renewed proceedings.  [Docket # 9]  In an order dated July 15, 2008, the Court reversed the Commissioner's decision, remanded, and dismissed this case.  [Docket # 10]

On August 5, 2008, Plaintiff filed the instant motion for attorney fees pursuant to 42 U.S.C. § 2412(d). (Pl.'s Mot. Br.) [Docket # 12]  Plaintiff asks that the attorney fees be awarded directly to Plaintiff's counsel.  (Pl.'s Proposed Order) [Docket # 12]  The Government does not oppose an attorney fee award, but argues that the fees claimed by Plaintiff are not reasonable, and that any fees should be awarded to Plaintiff, not his attorney.  (Gov. Opp'n. Br.) [Docket # 14]  After reviewing the parties' submissions, the Court agrees with the Government's objection to the hours claimed by Plaintiff's counsel.  The Court will award reasonable attorney fees directly to Plaintiff's attorney.

II.     APPLICATION

    A. Reasonable Attorney Fees

Both parties agree that an award of reasonable attorney fees is appropriate in this case pursuant to 42 U.S.C. § 2412(d).  (Pl.'s Mot. Br.) (Gov. Opp'n. Br. at 2.)  The Government does not dispute that $171.61 is an appropriate hourly rate to calculate the attorney fee award.  (*Id.*)  The parties disagree, however, on the reasonableness of the hours claimed by Plaintiff's attorney.

2

A plaintiff requesting attorney fees bears the burden of proving that the requested fees are reasonable. *Hensley v. Eckerhart*, 416 U.S. at 437. That burden is met by the plaintiff's production of evidence of the reasonableness of the hours and hourly rate claimed. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) If the plaintiff meets this burden, the adverse party bears the burden of challenging the "reasonableness of the requested fee." (*Id.*) When deciding whether a requested fee is reasonable, the Court should consider only the factors raised by the adverse party. (*Id.*) Despite this limitation, "the district court has a great deal of discretion to adjust the fee award" based upon the objections of the adverse party. (*Id.*)

In this case, Plaintiff carried his initial burden by submitting a billing timesheet that details the 31.2 hours of fees claimed by Plaintiff's attorney. (Langton Timesheet) [Docket # 12] The parties do not dispute that $171.61 is an appropriate hourly rate. The burden now shifts to the Government to challenge the reasonableness of the fees claimed. *Rode* 892 F.2d 1183. The Government argues that both the telephone status conference on June 17, 2008, and the filing of Plaintiff's formal brief were the result of Plaintiff's failure to follow the Local Rules. The Government objects to the reasonableness of any hours claimed in connection with those services. (Gov. Opp'n. Br. at 5.) [Docket # 14] The Court agrees with both of the Government's objections. In the District of New Jersey, procedure in Social Security cases is governed by L. CIV. R. 9.1, which states in pertinent part:

> Within 14 days, to encourage early and amicable resolution of Social Security matters, plaintiff shall serve upon defendant's counsel a statement setting forth plaintiff's primary contentions or arguments as to why plaintiff is entitled to relief. A copy of this statement shall also be sent to the Court. Defendant shall notify plaintiff within 30 days whether it agrees that plaintiff is entitled to relief.

L. CIV. R. 9.1(a)(2). Plaintiff did not comply with this rule. Plaintiff was required to submit his

9.1 Letter within 14 days of the answer filed by the Government on August 27, 2007. Plaintiff did not submit his 9.1 Letter until June 11, 2008 - over 9 months late. (Pl.'s 9.1 Letter)[Docket # 7] The 9.1 Letter submitted by Plaintiff's counsel concluded as follows, "this matter is a slam dunk for plaintiff and must be remanded for VE testimony, we can do this now or we can do this after you receive my brief." (*Id.* at 2.) During the June 17, 2008 teleconference before the Court, held one week after Plaintiff submitted the 9.1 Letter, Plaintiff's counsel indicated that he could file his brief immediately. (T/C 6/17/08) The Government requested the 30 days contemplated by L. CIV. R. 9.1(a)(2) to review Plaintiff's recently received 9.1 Letter. In response to the Government's request, Plaintiff's counsel again stated that he could file Plaintiff's brief "in three minutes."[1] (*Id.*) The Court decided that Plaintiff should file his brief immediately, and gave the Government 30 days to review both Plaintiff's 9.1 Letter and brief. (*Id.*) The parties notified the Court of their consent to remand on July 14, 2008, less than one month after the status conference. (Notification of Consent) [Docket # 9]

      Given the procedural history noted above, the Court concludes that an award of attorney fees for the hours spent drafting Plaintiff's formal brief and participating in the status conference is not reasonable. As noted, Plaintiff did not follow L. CIV. R. 9.1(a)(2). The plain language of that rule explains that its very purpose is to facilitate the speedy resolution of Social Security cases when possible. Plaintiff's 9.1 Letter, submitted over 9 months late, sets forth numerous legal arguments in favor of remand and categorizes Plaintiff's case as "a slam dunk." (Pl.'s 9.1

---

[1] In the letter submitted in reply to the Government's opposition, Plaintiff's counsel states, "Your Honor was advised that I did not want to file that brief because defendant would complain that she had just received the 9.1 letter." (Pl.'s Reply at 2.) However, the Court's recording of the June 17, 2008, teleconference reveals that Plaintiff's counsel did not in fact address this issue.

Letter) [Docket # 7]  In light of the Government's prompt consent to remand, the Court concludes that this case would have been resolved quickly if L. CIV. R. 9.1(a)(2) had been followed.  Instead, Plaintiff's failure to follow L. CIV. R. 9.1(a)(2) resulted in the needless expenditure of resources for both the Court and the parties.  The hours claimed by Plaintiff's counsel for briefing and status conference preparation are examples of this needless expenditure.  As such, the hours claimed by Plaintiff's counsel for both the brief and the status conference will be excluded from the calculation of Plaintiff's attorney fee award.

In light of this conclusion, the Court will award reasonable attorney fees of $2,342.48.  This amount is the product of 13.65 hours at the rate of $171.61 per hour.  The number of hours is the total claimed by Plaintiff's attorney (31.2 hours total), less the time claimed for preparing Plaintiff's brief and participating in the June 17 teleconference (17.55 hours total).  (Langton Timesheet) [Docket # 12]

**B.  Fees Are Awarded To Plaintiff's Attorney**

Plaintiff's motion papers seem to argue that the attorney fee award should be paid directly to Plaintiff's counsel.  (Pl.'s Proposed Order) [Docket # 12]  The Government asserts that the attorney fees should be awarded to Plaintiff.  (Gov. Opp'n. Br. at 6-13.) [Docket # 14] In its opposition brief, the Government correctly notes that there is a divergence of opinion in the District of New Jersey as to whom can receive attorney fee awards pursuant to 42 U.S.C. § 2412(d).  (Gov. Opp'n. Br. at 10-11.) [Docket # 14]  The Government failed to note, however, this Court's recent memorandum opinion in *Meyler v. Comm'r of Soc. Sec.*, No. 04-4669, 2008 LEXIS 51684 (D.N.J. July 7, 2008).  In *Meyler*, this Court discussed 42 U.S.C. § 2412(d) in detail and concluded that an award of fees directly to the prevailing party's attorney was proper.

*Meyler* at 9-12. In its opposition brief, the Government has identified no controlling precedent that requires the Court reconsider the reasoning and the conclusion in *Meyler*. As such, for the reasons stated in *Meyler*, reasonable attorney fees of $2,342.48 will be awarded directly to Plaintiff's attorney.

### III.   CONCLUSION

For the reasons stated above, the Court will award reasonable fees of $2,342.48 to Plaintiff's attorneys, and order those fees paid directly to Plaintiff's attorneys. In light of this decision, the Court will order this case closed. An appropriate form of order accompanies this memorandum opinion.

Dated: December 1, 2008

                                                      /s/ Garrett E. Brown, Jr.
                                       GARRETT E. BROWN, JR., U.S.D.J.